BITTNER et. al. v. WEST VIRGINIA–PITTSBURGH COAL CO.

(Circuit Court of Appeals, Fourth Circuit. May 28, 1914.)

No. 1240.

INJUNCTION (§ 101*)—STRIKERS—AID TO STRIKERS.

An injunction may be properly granted restraining members of a trade union from using violence, intimidation, and coercion to induce employés to join the union and to strike, but they may not be lawfully restrained from using persuasion and other peaceable methods to that end, or from aiding striking employés by furnishing them money from a relief fund.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 174, 175; Dec. Dig. § 101.*

Restraining boycotts, strikes, and other combinations by employés interfering with commerce or business, see note to Shine v. Fox Bros. Mfg. Co., 86 C. C. A. 313.]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit by the West Virginia-Pittsburgh Coal Company against Van Bittner and others to restrain defendants from interfering with complainant's nonunion employés. From an order granting complainant a preliminary injunction, defendants appeal. Modified and affirmed.

John C. Palmer, Jr., of Wheeling, W. Va., and A. M. Belcher, of Charleston, W. Va. (Erskine, Palmer & Curl, of Wheeling, W. Va., on the brief), for appellants.

John A. Howard, of Wheeling, W. Va., and J. F. Cree, of Wellsburg, W. Va., for appellee.

Before PRITCHARD and WOODS, Circuit Judges, and WADDILL, District Judge.

PRITCHARD, Circuit Judge. This is an appeal by the defendants below from a preliminary injunction granted by the District Court of the United States for the Northern District of West Virginia, on the 2d day of December, 1913, in the above-entitled cause.

The questions of law involved in this suit were passed upon by this court in the case of John Mitchell, T. L. Lewis, et al. v. Hitchman Coal & Coke Co., 214 Fed. 685, 131 C. C. A. 425, at the present term of this court. The decree of the lower court in that suit was reversed at the cost of the plaintiff for the reasons stated in the opinion filed therein. However, the facts in this controversy are different from those of the former suit, in that it appears from the evidence that violence, intimidation, and coercion were resorted to by the defendants in this instance.

The court below granted a preliminary injunction restraining the defendants from committing acts of violence, intimidation, and coercion, and also from the use of persuasion and other peaceable methods, and from aiding the striking miners by furnishing them money from what was known as a relief fund, etc. The defendants made a motion to modify the decree in so far as it restrained them from resorting to persuasive and peaceable methods, and from aiding the striking miners by furnishing them money. This motion was disallowed, and the case comes here on appeal.

We think the decree of the lower court in so far as it restrains the defendants from any acts of violence, intimidation, and coercion is proper in view of the evidence. While this is true, nevertheless we are of opinion, for the reasons stated in the case of John Mitchell, T. L. Lewis, et al. v. Hitchman Coal & Coke Co., supra, that the court below erred in entering that portion of the decree whereby it is provided that these defendants shall be restrained from resorting to peaceable and lawful methods for the purpose of organizing the miners of that section.

It follows that the decree of the lower court should be modified by adding thereto the following proviso:

Provided, however, that this restraining order is not intended to prevent any of said employés of the plaintiff company from quitting work for said plaintiff and from severing the relations of master and servant existing between the plaintiff and said employés at the time

this order is entered, or from striking or persuading his fellow employés to quit work and strike for their mutual protection and benefit.

Provided, further, that this injunction is not intended to prevent any employé of the plaintiff who had ceased to work for said plaintiff to use persuasion, but not violence, to prevent other men from accepting employment with the plaintiff. in his place.

Provided, further, that this injunction is not intended to prevent the employés of plaintiff from joining any lawful labor union and from receiving the nonemployment benefits paid by such union.

Provided, further, that this injunction is not intended to prevent the defendants, their associates, agents, and fellow members of the United Mine Workers from supporting any of plaintiff's former employés who have ceased to work for said plaintiff, nor is this injunction intended to prevent any member of the labor union to which such employés ceasing to work for the plaintiff belong from legally assisting said employé in securing better terms of employment and in endeavoring to persuade, without violence, any other laborer from taking the place of said striking employé.

The decree of the lower court as thus modified is affirmed.

Modified and affirmed.